**NOT FOR PUBLICATION**                                             **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FESTUS O. OHAN, | : |
| : | Civil Action No. 09-1977 (FSH) |
| Plaintiff, | : |
| v. | : **ORDER** |
| ESSEX COUNTY SHERIFF'S OFFICE, *et al.*, | : |
| | : February 17, 2010 |
| Defendants. | : |

  This matter comes before the Court upon the motion to dismiss of the Essex County Office of the Prosecutor (the "Prosecutor's Office") and its Prosecutor, Paula T. Dow (collectively, "Defendants"); and the Court having considered Defendants' submissions,[1] and having decided this motion without oral argument pursuant to Fed. R. Civ. P. 78; and

  it appearing that Plaintiff alleges in his Complaint that a felony warrant was issued out of Essex County for his arrest, which was executed on April 27, 2007, and resulted in Plaintiff's incarceration in the Essex County prison system; and that a grand jury in Essex County dismissed all charges against Plaintiff on the motion of the Prosecutor on June 1, 2007; and

  it appearing that Plaintiff asserts claims against the Prosecutor's Office and Dow, in her official and individual capacities, under 42 U.S.C. § 1983 for false arrest, false imprisonment,

---

[1] Plaintiff did not respond to Defendants' motion in any manner, despite requesting and receiving a two-week extension of time in which to file. Docket No. 26. Plaintiff also failed to respond to the Court's Order requiring that Plaintiff file an opposition brief, or in lieu of a brief, a statement that no brief is necessary by February 11, 2010. Docket No. 28. Consequently, the Court will review Defendants' motion as unopposed. *See Green v. Essex County Superior Court Clerk*, No. 02-1872, 2006 U.S. Dist. LEXIS 22151, at *1 n.1 (D.N.J. April 6, 2006).

and/or malicious prosecution, and also asserts claims under New Jersey law for negligent and/or intentional infliction of emotional distress, and negligence;[2] and

      it appearing that Defendants have moved to dismiss all claims against them on grounds that they are immune from suit under the Eleventh Amendment;[3] and

      it appearing that the Eleventh Amendment provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State;" and

      it appearing that the sovereign immunity afforded by the Eleventh Amendment precludes suits in federal court against a State and its agencies, departments, and officials acting in their official capacities, *see, e.g.*, *Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 488 (D.N.J. 2006) (noting that the Eleventh Amendment "bars a suit against a state official in his or her official capacity because it is not a suit against the official but rather is a suit against the official's office. As such it is no different than a suit against the State itself."); and

      it appearing that courts in this Circuit have consistently concluded that New Jersey county prosecutors' offices, and their employees, when acting in their law enforcement capacities, are

---

[2] Plaintiff also sued the Essex County Sheriff's Office and its Sheriff, Armando B. Fontoura. His claims against these Defendants were voluntarily dismissed without prejudice on August 5, 2009. Docket No. 18.

[3] The assertion of Eleventh Amendment sovereign immunity is a challenge to this Court's subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (the "Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction"). Accordingly, this motion is properly considered a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). On such a motion, Plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

arms of the State, and are therefore immune from suit under the Eleventh Amendment, *see, e.g.,  Slinger v. New Jersey*, No. 07-5561, 2008 WL 4126181, at *9 (D.N.J. Sept. 4, 2008) ("courts have unilaterally found that New Jersey county prosecutors' offices are entitled to Eleventh Amendment immunity from suits arising out of the exercise of prosecutorial powers");[4] and

it appearing that in the instant case, Defendants' allegedly tortious actions were taken in connection with their "law enforcement and investigative functions," and as such, a suit against them is a suit against the State itself and is prohibited by the Eleventh Amendment, *see*, *e.g.*, *Slinger*, 2008 WL 4126181, at *8-10;[5] and

it appearing that none of the limited exceptions to such immunity apply here, as Section 1983 does not override Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 342 (1979), and New Jersey has never waived its sovereign immunity in federal courts, *see* N.J.S.A.

---

[4] *See also Beightler v. Office of the Essex County Prosecutor*, No. 09-1122, 2009 WL 2562717, at *2 (3d Cir. Aug. 20, 2009) ("when [New Jersey county] prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state," and are thus entitled to immunity) (citing *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)); *Boyd v. Arizona*, No. 08-4521, 2009 WL 971400, at *4 (D.N.J. Apr. 9, 2009) ("acts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Landi v. Borough of Seaside Park*, No. 07-5319, 2009 WL 606141, at *4-7 (D.N.J. Mar. 9, 2009) (dismissing Section 1983 and state law claims against county prosecutor's office and one of its investigators, acting in his official capacity, on sovereign immunity grounds); *Davis v. Twp. of Lakewood*, No. 03-1025, 2005 WL 1863665, at *5-7 (D.N.J. Aug. 4, 2005) (dismissing Section 1983 claim against county's prosecutor's office and its prosecutor, acting in his official capacity, on sovereign immunity grounds).

[5] Although Plaintiff has pled that Defendant Dow is being sued in both her individual and official capacities, the actions alleged in the Complaint – the issuance of a warrant for Plaintiff's arrest and the handling of grand jury proceedings – were taken by Dow in her role as Prosecutor.  There are no facts alleged in the Complaint that suggest that Dow acted outside of her prosecutorial role.  Accordingly, any allegedly tortious conduct by Dow is properly considered to be in her official capacity only.  *Accord Slinger*, 2008 WL 4126181, at *10; *Hyatt v. County of Passaic*, No. 04-1545, 2008 WL 839556, at *7 (D.N.J. Mar. 24, 2008).

59:1-1 *et seq.* (reaffirming sovereign immunity for the state of New Jersey);

    **IT IS** on this 17th day of February 2010,

    **ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint [Docket No. 22] is **GRANTED**; and it is further

    **ORDERED** that this case is **CLOSED**.

    /s/ Faith S. Hochberg  
    **Hon. Faith S. Hochberg, U.S.D.J.**